**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF  
STEPHANIE A. GALLAGHER  
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-7780  
Fax (410) 962-1812

January 23, 2023

LETTER TO COUNSEL

      RE:    *Wendy M. v. Commissioner, Social Security Administration*
              Civil No. JMC-20-3376

Dear Counsel:

      Theodore A. Melanson, Esq. has filed a motion requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 21. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Melanson's requested amount constitutes a reasonable fee. ECF 23. Mr. Melanson did not file a reply. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

      On January 20, 2022, this Court awarded Mr. Melanson $3,997.50 for 18.25 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 18-7, 20. Plaintiff subsequently received an Award Notice, in which she was awarded past due benefits. ECF 21-2. The SSA withheld twenty-five percent of Plaintiff's past due benefits, amounting to $25,097.25. *Id.* at 3. Mr. Melanson filed a Motion for Attorney's Fees, seeking to collect that full amount. ECF 21. Mr. Melanson agrees to reimburse Plaintiff the $3,997.50 he received in EAJA fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

      Here, Mr. Melanson and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which he might become entitled. ECF 18-5. In his previous motion for attorney's fees pursuant to the EAJA,

*Wendy M. v. Commissioner, Social Security Administration*
Civil No. JMC-20-3376
January 23, 2023
Page 2

Mr. Melanson submitted an itemized report documenting the 18.25 billed hours he expended before this Court in Plaintiff's case. ECF 18-7. If Mr. Melanson receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,375.19 per hour. Mr. Melanson must therefore show that an effective rate of $1,375.19 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Melanson's requested fee results in more than four times the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court,[1] which also corresponds to his stated hourly billing rate, ECF 18-6. Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Melanson's requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, even to attorneys with more experience. Hourly rates exceeding $1,000 are the exception, not the rule. While this Court notes Mr. Melanson's effective performance and the substantial past-due benefit award to his client, Mr. Melanson's request for $25,097.25 for 18.25 hours in this case would result in a windfall. Instead, this Court finds that an award of $18,250.00, amounting to an hourly rate of $1,000.00—more than triple the top hourly rate for an attorney of Mr. Melanson's experience, would adequately compensate Mr. Melanson for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART and DENIES IN PART Mr. Melanson's request for attorney's fees, ECF 21. This Court will award Mr. Melanson attorney's fees totaling $18,250.00, and Mr. Melanson should reimburse to Plaintiff the $3,997.50 he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2021). For attorneys admitted to the bar for between five to eight years, like Mr. Melanson, ECF 18-6, the presumptively reasonable hourly rate is between $165.00 and $300.00 per hour. Loc. R. App. B (D. Md. 2021). Based on his years of experience, Mr. Melanson merits the high end of the range.